OPINION *Page 2 
{¶ 1} On August 4, 1997, appellant, Anthony Carpenter, began working as a patrolman for the City of Massillon Police Department. In February 2005, appellant placed second on the promotional examination for the rank of sergeant. Following another patrolman's promotion to sergeant, appellant was certified as first on the eligibility list for the next sergeant vacancy.
 {¶ 2} On August 26, 2005, appellee, the City of Massillon, discharged Sergeant Richard Siskie for disciplinary reasons. His union voted not to appeal the discharge through the arbitration process of the collective bargaining agreement. Siskie filed an unfair labor practices charge against appellee with the State Employment Relations Board (hereinafter "SERB"), and received a letter from the U.S. Department of Justice giving him the right to file a lawsuit under Title VII of the Civil Rights Act. In addition, Siskie filed a lawsuit against appellee in the Court of Common Pleas of Stark County, Ohio, which was removed to the U.S. District Court, Northern District of Ohio.
 {¶ 3} On December 16, 2005, appellant filed with the Court of Common Pleas of Stark County, Ohio, a petition for a writ of mandamus against appellee. Appellant sought to be promoted to sergeant in the vacancy left by the discharge of Siskie. Appellant further sought back-pay dating back to September 25, 2005, the date he should have been promoted to sergeant following Siskie's discharge. The matter was submitted to the trial court on briefs. By judgment entry filed September 21, 2006, the trial court denied the petition and dismissed same, finding no vacancy existed as a result of Siskie's discharge. *Page 3 
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE COMMON PLEAS COURT ERRED IN FINDING THAT NO VACANCY EXISTS IN A SERGEANT'S POSITION IN THE MASSILLON CITY POLICE DEPARTMENT AS A RESULT OF THE DISCHARGE OF SERGEANT RICHARD SISKIE."
 I {¶ 6} Appellant claims the trial court erred in denying his writ of mandamus. Specifically, appellant claims the trial court erred in determining no vacancy existed in the rank of sergeant in the Massillon Police Department following the discharge of Sergeant Richard Siskie. We agree.
 {¶ 7} Since the filing of the trial court's decision and this appeal, appellant has been promoted to sergeant. The precipitating event that resulted in appellant's promotion was the settlement of the actions filed by Siskie against appellee. The sole question that remains is when did the vacancy in the rank of sergeant occur?
 {¶ 8} Appellant argues the vacancy occurred thirty days after Siskie's removal.[1] Appellee argues there was no vacancy until Siskie's actions filed against appellee were resolved in May of 2006.
 {¶ 9} R.C. 124.34 provides for not only an appeal to the SERB, but the right to file an appeal under R.C. 119.12 with the Court of Common Pleas. Appellee argues there is "no vacancy" until these administrative remedies have been exhausted. We *Page 4 
acknowledge our ruling in Pahlau v. City of Massillon (February 24, 1992), Stark App. No. CA-8886, held "no vacancy occurs" when a direct appeal is pending.
 {¶ 10} We might very well take exception with our brethren's opinion in Pahlau, but we can easily distinguish it from the case sub judice. InPahlau, a direct appeal was pending pursuant to R.C. 124.34 and R.C.119.12, whereas in this case, a direct appeal was not filed. Under the collective bargaining agreement in this case, only the bargaining unit had the right to appeal, and no such right was exercised by the union; therefore, there was no appeal of Siskie's discharge.
 {¶ 11} Upon review, we conclude a vacancy occurred thirty days after Siskie's discharge:
 {¶ 12} "* * * the commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating, and the appointing authority shall appoint such person within thirty days from the date of such certification." R.C. 124.44. See also, State ex rel.Bednar v. City of North Canton (1994), 69 Ohio St.3d. 278.
 {¶ 13} The thirty day window for filling vacancies is the same as the thirty day time for appeal under R.C. 119.12.
 {¶ 14} The sole assignment of error is granted. *Page 5 
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed, and the matter is remanded to said court for determination of back-pay dating back to September 25, 2005.
 Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the matter is remanded to said court for determination of back-pay dating back to September 25, 2005.
[1] Thirty days is the time limit set for binding arbitration per the collective bargaining agreement, Section 10.7, and an appeal pursuant to R.C. 124.34(C). *Page 1